UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JASON EDWARD WOODS**                                                                     **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 4:25-CV-P71-JHM**

**JASON WOOSLEY**                                                                 **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Jason Edward Woods filed the instant *pro se* action. Because a review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, the Court will dismiss the case.

### I.

Plaintiff was previously incarcerated at Grayson County Detention Center (GCDC). He brings this action against GCDC Jailer Jason Woosley. Plaintiff alleges that on December 14, 2024, while passing out food trays at GCDC, the food cart smashed his hand and finger which resulted in him being taken to the emergency room. Plaintiff alleges that the nurse in the emergency room was hesitant to "sew [his] hand back together [] because of the severity of the cut." He continues, "It was such a bad tear and was swollen so badly she had to cut a piece of my flesh off of the wound to fit the meat of my hand back in the crater where it was ripped out of. I have a fairly bad scar and still cannot open my hand all the way." Plaintiff asserts that he was injured because Jailer Woosley "was negligent in maintaining the proper safety fittings that were missing from the part of the cart that cut my hand." As relief, Plaintiff seeks damages.

### II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less

stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id*. at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606. There are two ways a federal district court may have jurisdiction over a case. *Douglas*, 150 F.3d at 607. The first is through federal-question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

In the present case, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331.  The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint."  *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys.*, 287 F.3d 568, 573 (6th Cir. 2002).  While Plaintiff filed the complaint on a 42 U.S.C. § 1983 prisoner complaint form, he does not allege that Defendant Woosley violated his constitutional rights or any other federal right.   Rather, he asserts a state-law claim of negligence.  Therefore, the complaint fails to establish federal-question jurisdiction.

Plaintiff has also failed to establish diversity jurisdiction under § 1332(a) which provides that federal courts have original subject-matter jurisdiction over civil actions "between . . . citizens of different States.""  Here, the complaint indicates that both Plaintiff and Jailer Woosley are domiciled in Kentucky.

### III.

Thus, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss the action by separate Order.

Date:   July 24, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.011